# 23-7133(L); 24-835

In The

# United States Court Of Appeals For The Second Circuit

**UNITED STATES OF AMERICA,**

*Appellee* USA,

v.

**PASQUALE AMATO, CARMINE SESSA, LAWRENCE A. FIORENZA, LAWRENCE MAZZA, JOSEPH RUSSO, AKA JO JO, ANTHONY RUSSO, AKA CHUCKIE, ROBERT ZAMBARDI, AKA BOBBY ZAM, JOSEPH MONTELEONE SR., AKA JOE MONTE SR., ALPHONSE PERSICO, AKA ALLIE BOY, JOSEPH TOMASELLO, AKA JOE T, THEODORE PERSICO, AKA TEDDY, RICHARD FUSCO, AKA RICHIE, JAMES DELMASTRO, AKA JAMES DELMASTRO,**

*Defendants - Defendants.*

**MICHAEL SESSA, VICTOR J. ORENA, AKA VICTOR J. ORENA, AKA LITTLE VIC,**

*Defendants - Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK (BROOKLYN)
THE HONORABLE ALLYNE R. ROSS, DISTRICT JUDGE, NO. 1:92-CR-351-4; ERIC R. KOMITEE, DISTRICT JUDGE 1:92-CR-351-1

---

### REPLY BRIEF OF APPELLANT VICTOR J. ORENA

---

**David I. Schoen**
DAVID I. SCHOEN,
  ATTORNEY AT LAW
2800 Zelda Road
Suite 100-6
Montgomery, AL 36106
(334) 395-6611

*Counsel for Appellant Victor J. Orena*

GibsonMoore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

**TABLE OF CONTENTS**

Page:

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

    THIS COURT'S DECISION IN *KAZIU* ABSOLUTELY REQUIRES
    FULL *DE NOVO* RE-SENTENCING IN THIS CASE ...................................2

    Some Specific Examples of Errors in the Government's Brief ......................5

        The Government is Wrong About the Relevance of Mandatory
        Minimums ................................................................................................5

        The Government's Claim That the New Judge Factor is
        Irrelevant is Wrong..................................................................................6

        The Government's Claim That the Extraordinary Changed
        Circumstances Here Do Not Require *De Novo* Resentencing is
        Wrong ......................................................................................................9

        On Remand the Case Should be Assigned to a Different District
        Judge .....................................................................................................12

CONCLUSION ........................................................................................................13

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .....................................14

CERTIFICATE OF FILING AND SERVICE .......................................................15

# TABLE OF AUTHORITIES

Page(s):

**Cases:**

*Berger v. United States*,
    295 U.S. 78 (1935)..........................................................................................2

*Brady v. Maryland*,
    373 U.S. 83 (1963)..........................................................................................2

*Concepcion v. United States*,
    597 U.S. 481 (2022)........................................................................................5

*Kaziu v. United States*,
    108 F.4th 86 (2d Cir. 2024) ....................................................................*passim*

*Pepper v. United States*,
    562 U. S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011) .............................5

*United States v. Kaziu*,
    2021 U.S. Dist. LEXIS 84993,
    2021 WL 1751156 (E.D.N.Y., May 4, 2021)..................................................8

*United States v. Montague*,
    2024 U.S. App. LEXIS 22689,
    2024 WL 4100517 (2d Cir., Sept. 6, 2024).....................................................5

*United States v. Monteleone*,
    2023 U.S. Dist. LEXIS 62518 (E.D.N.Y., April 10, 2023)...........................11

*United States v. Orena*,
    956 F. Supp. 1071 (E.D.N.Y. 1997).........................................................9, 10

*United States v. Quintieri*,
    306 F.3d 1217 (2d Cir. 2002).........................................................................7

**Statutes:**

18 U.S.C. § 3553 ............................................................................................ 3

18 U.S.C. § 3553(a) ................................................................................ 3, 5, 7

18 U.S.C. § 3553(a)(2) ................................................................................ 3, 4

28 U.S.C. § 2255 ............................................................................................ 2

**Other Authorities:**

Judge Frederic Block, *A Second Chance -*
*A Federal Judge Decides Who Deserves It*, (The New Press 2024) ....................... 13

iii

# INTRODUCTION

Mr. Orena relies on his initial Brief in reply to most of the Government's Brief and incorporates the same herein. He will limit his reply below to the Government's arguments found at pages 32-52 of its Brief.

As will be discussed below, the Government misstates relevant legal principles, and omits and misstates relevant facts in its unavailing, tortured attempt to distinguish this Court's decision in *Kaziu v. United States*, 108 F.4th 86 (2d Cir. 2024) and the circumstances under which *Kaziu* requires a re-sentencing hearing from the case at bar. In truth, *Kaziu* is squarely on all fours with the instant case and under its framework, the reasons for a *de novo* re-sentencing are far more compelling in the instant case.[1]

---

[1] Of course, at all times in the years since Mr. Orena's case was remanded by this Court to the trial court, the Government has asserted to the district court repeatedly and unequivocally and to this Court in the context of Mr. Orena's appeal of the decision on his compassionate release motion that Mr. Orena is entitled to, must be provided, and will have a full *de novo* resentencing [ECF# 1852 at 1 & 7; ECF# 1856; and *See* Second Circuit Docket No. 21-2747, Doc. 49 (3259313) at Page 23 of 53]. It only changed its position on the eve of the already scheduled *de novo* resentencing hearing, without any prior notice or any reason based on any fact that had changed since its earlier assertions acknowledging that a full *de novo* sentencing was both appropriate and required. [A66-71]

1

# ARGUMENT

## THIS COURT'S DECISION IN *KAZIU* ABSOLUTELY REQUIRES FULL *DE NOVO* RE-SENTENCING IN THIS CASE.

As set forth in Mr. Orena's initial Brief, in *Kaziu*, this Court squarely held that when a count of conviction has been vacated through a motion filed pursuant to 28 U.S.C. § 2255, and the case is remanded to a different judge from the original sentencing judge and the defendant plausibly alleges changed circumstances from the original sentencing, the new judge must conduct a full *de novo* re-sentencing.[2] *Kaziu v. United States*, 108 F.4th 86, 94 (2d. Cir. 2024).

The Government acknowledges that holding, as it must; but then it argues, through omissions, selectivity, and mischaracterizations, along with a misunderstanding of the law, that in this case, notwithstanding *Kaziu*, the different judge and changed circumstances do not matter and should be ignored. The Government's submission in this regard is disgraceful and is contrary to its well settled duty under the landmarks decisions in *Berger v. United States*, 295 U.S. 78, 88 (1935), *Brady v. Maryland*, 373 U.S. 83, 88 (1963) and their progeny.

---

[2] "Taking these two factors at least in tandem, because the resentencing judge is not the original sentencing judge and Kaziu presents plausible arguments of changed circumstances, we conclude that the district court exceeded its discretion in declining to resentence *fully* following Kaziu's successful habeas petition." *Kaziu*, 108 F.4th at 94 (emphasis in the original). This Court in *Kaziu* held further that the "full panoply of procedural protections defendants are entitled to in a standard sentencing" must be provided for the resentencing in such circumstances as attend the instant case. *Id.*

2

Perhaps the overriding flaw in the Government's submission is its failure to recognize the fundamental directive under 18 U.S.C. § 3553(a), that, in our sentencing system, the guiding principle is that a sentence imposed is to be "sufficient, but not greater than necessary, to comply with the purposes set forth (therein at § 3553(a)(2))."[3]

Any consideration of the list of factors under 18 U.S.C. § 3553(a)(2) immediately highlights how the changed circumstances here are extraordinarily relevant. The Government cannot assert in good faith that there is no discernible difference at sentencing pursuant to the § 3553(a)(2) factors, between a 58 year old, reputed organized crime boss, in good health and financially secure and a 90 year old, terminally ill, dementia patient, unable to provide for his own basic needs

---

[3] **§ 3553. Imposition of a sentence**
(a) Factors to be considered in imposing a sentence. **The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.** The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; ....
(emphasis added)

3

in order to function, and confined to a wheel chair, who in the thirty years since the original sentencing has become an ordained minister, maintained a perfect institutional record, helped others in the community through the NAACP and who the BOP has found presents the lowest possible risk of danger to anyone [Orena Initial Brief at 24-27; A321-24].[4]

No one could say such a person 30 years later presents the triggers the same considerations or conclusions under the § 3553(a)(2) factors like the need to deter, or protect the public from further crimes, to most effectively provide educational, vocational, medical or correctional care, or to provide just punishment. Nothing about such a re-sentencing would be "strictly ministerial."

By asking this Court to ignore the undeniable (not just "plausible") changed circumstances attending this case and this Defendant over thirty years since his original sentencing and the presence of a new judge with no personal familiarity with the case or with Mr. Orena, the Government completely undermines not just *Kaziu* and the relevant principles in the United States Supreme Court's decision in

---

[4] Further, more compelling than Mr. Kaziu's "plausible" claims that he removed himself from his adherence to violence in pursuit of a radical Islamic agenda, *Kaziu*, 108 F.4th at 93, Mr. Orena has an unchallenged 31 year proven accomplishments that include no organized crime ties, a perfect institutional record, tremendous community service, ordination as a minister and an assessment of the lowest level of risk for violence by the Bureau of Prisons' evaluation [*See* Initial Orena Brief at 25-26].

4

*Concepcion v. United States*, 597 U.S. 481 (2022),[5] but also the fundamental tenet underlying the § 3553(a) directive and any evaluation at all of what punishment is "sufficient, but not greater than necessary" to fulfill the guiding principles in federal sentencing.

**Some Specific Examples of Errors in the Government's Brief:**

**The Government is Wrong About the Relevance of Mandatory Minimums.**

The Government dismisses as irrelevant to the question of whether re-sentencing is required under *Kaziu*, the fact that Mr. Orena's life sentence was discretionary and not a mandatory minimum sentence. [GB at 35-36].[6] The Government is wrong and this Court has made clear that this is a directly relevant consideration under *Kaziu*. *See United States v. Montague*, 2024 U.S. App. LEXIS 22689, *5-*6, 2024 WL 4100517 (2d Cir., Sept. 6, 2024), *quoting from Kaziu*, 108 F.4th at 91-92 (courts are required to conduct *de novo* re-sentencing following the vacatur of a count of conviction unless the applicable upheld count of conviction carries a mandatory minimum sentence).

---

[5] "When a defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction. *Pepper v. United States*, 562 U. S. 476, 492, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011). Similarly, when a defendant's sentence is set aside on appeal, the district court at resentencing can (and in many cases, must) consider the defendant's conduct and changes in the Federal Sentencing Guidelines since the original sentencing. *Ibid*." *Concepcion v. United States*, 597 U.S. 481, 486 (2022).

[6] The Government's Brief will be referred to herein at "GB ...."

5

Indeed, in his concurring opinion in *Kaziu*, Judge Calabresi fleshed out the matter even further and wrote that the rule requiring *de novo* re-sentencing when a count of conviction is vacated should be applied equally whether the count was vacated on direct appeal or collateral review and that the only circumstance in which there should be any discretion on the matter is when the re-sentencing would inarguably be "strictly ministerial." The concurring opinion explains that "strictly ministerial" in this context means that the "defendant is already serving the lowest sentence for each of his or her *remaining* convictions that is allowed by law." *Kaziu*, 108 F.4th at 99 (emphasis in the original). That certainly is not the case here. It is undisputed that Mr. Orena is serving the maximum possible sentence of life imprisonment and this was a discretionary maximum not a mandatory maximum.

**The Government's Claim That the New Judge Factor is Irrelevant is Wrong.**

The Government argues throughout its Brief that the fact that Judge Weinstein wrote a sentencing memorandum over thirty years ago, explaining his views and the reasons for the life sentence imposed, provides some sort of panacea rendering all of the changed circumstances since then irrelevant and the presence of a new judge of no consequence, for the new judge can draw all he needs from the original sentencing memorandum.

6

The Government argues at length that this case should be distinguished from *Kaziu* because the original sentencing judge made a "determination that a life sentence was appropriate on a Section 3553(a) analysis, rather than purely as a matter of the Guidelines' application" [GB at 36]. And the fact that there is a new sentencing judge here is irrelevant under *Kaziu* because here, the new sentencing judge "has 'access to the rationale behind the original sentence,' that the district judge lacked in *Kaziu*." [GB at 40; *see* GB at 38-42]

The fact that the new judge can read what the original sentencing judge thought and his "rationale" before the changed circumstances arose does not somehow vitiate the relevance of the changed circumstances or the fact that there is a new judge.[7]

But the Government's error on this point is even more factually fundamental. Contrary to the premise for the Government's argument, the new judge in *Kaziu* certainly did, in fact, have access to the thinking and the rationale of the original sentencing judge as the district court decision in *Kaziu* expressly makes this clear.

---

[7] "But a learned hypothesis is a weak substitute for direct knowledge of how the "constellation of offenses of conviction impacted the defendant's sentence." *Kaziu*, 108 F.4th at 93, *quoting from United States v. Quintieri*, 306 F.3d 1217, 1227-28 (2d Cir. 2002).

7

Mr. Kaziu was sentenced in 2011 by Judge Gleeson. On remand, in 2021, after a count of conviction was vacated on collateral review, the case was assigned to Judge Block. *See United States v. Kaziu*, 2021 U.S. Dist. LEXIS 84993, 2021 WL 1751156 (E.D.N.Y., May 4, 2021).

In rejecting Mr. Kaziu's plea for a *de novo* re-sentencing hearing on remand, given his purported changed circumstances, Judge Block, cited first the Government's contention that his request should be rejected because he was just trying to press the "same arguments that were rejected by Judge Gleeson at the original sentencing proceeding" *Kaziu*, 2021 U.S. Dist. LEXIS 84993 at *8.

Judge Block then drew on Judge Gleeson's expressly stated views and rationale at the original sentencing proceeding to reject Mr. Kaziu's request.[8] Judge Block was fully informed of the original sentencing judge's views of the defendant, his conduct, and his purportedly likely prospects for resorting to his criminal conduct if released, and his rationale at the time of the original sentencing proceeding and he relied on the same in denying full *de novo* re-sentencing. Judge Block's decision was, of course, vacated for following that course of action and the

---

[8] Judge Block wrote, "Significantly, Judge Gleeson found Kaziu's statements at his original sentencing proceeding to be self-interested and noted that he believed that if Karziu were released he would 'try to pick up where [he] left off, [and] maybe succeed this time.'" *Karziu*, 2021 U.S. Dist. LEXIS 84993 at *8-*9, *quoting from the transcript of the original sentencing proceeding.*

8

case was remanded for full *de novo* re-sentencing. *Kaziu v. United States*, 108 F.4th 86 (2d Cir. 2024).

**The Government's Claim That the Extraordinary Changed Circumstances Here Do Not Require *De Novo* Resentencing is Wrong.**

In addition to being inappropriate circular reasoning (i.e., the Court should not consider changed circumstances because it has a record of what the original sentencing judge thought over thirty years ago - before the circumstances changed), the Government has its facts wrong and omits others.

Among the many other reasons that reliance on Judge Weinstein's sentencing decision from over thirty years ago is not a legally sufficient substitute for *de novo* re-sentencing, is the fact that just four years after writing his sentencing decision, when presented with evidence undermining the integrity of the conviction and the Government's claims about Mr. Orena's conduct and role - evidence which just began to scratch the surface of what the record now reflects in that regard - Judge Weinstein found that a decision as to whether even to allow the conviction to stand was a real question, writing, "[O]n the facts and the law, a decision for either side might be justified." *United States v. Orena*, 956 F. Supp. 1071, 1076 (E.D.N.Y. 1997).

In the years that have followed, extraordinary evidence has surfaced which not only exposed this case as reflecting the worst government misconduct in the history of the Department of Justice, but which directly undercut premises in Judge

9

Weinstein's sentencing decision concerning Mr. Orena's conduct and role. Judge Weinstein never had a chance to consider that additional evidence.

The Government attempts to deflate or minimize these changed circumstances and their significance [GB at 42-50]. Their attempt in completely unavailing and ignores the extraordinary record facts and statements by one after another judge who has considered the matter. Mr. Orena relies on his initial brief on this point in addition to the brief summary herein. [*See* Orena Initial Brief at 29-38].

Time and additional investigation have demonstrated that Judge Weinstein's assumptions on key issues concerning who and what was driving the so-called "Colombo War" for which he held Mr. Orena responsible were simply wrong.

For example, Judge Weinstein found that, while it was likely that perhaps corrupt FBI Agent Devecchio passed information to his informant Scarpa for Scarpa's safety, it was in no way likely that Devecchio had any role in the War and that his conduct was irrelevant to the proof at trial. *Orena*, 956 F. Supp. at 1090. Since Judge Weinstein considered the matter, of course, as detailed in Mr. Orena's initial Brief, Devecchio was indicted for multiple murders, was found by Judge Korman to have done exactly what Judge Weinstein found to be unlikely (passing information to Scarpa to facilitate his multiple murders), and, of course, yet another judge found that Scarpa had attributed to others several murders which he

10

had committed. *See United States v. Monteleone*, 2023 U.S. Dist. LEXIS 62518, *4 (E.D.N.Y., April 10, 2023).

Further undermining Judge Weinstein's view of Mr. Orena's conduct and role at his original sentencing over 30 years ago, more recently, the Government's Top Echelon Confidential Informant, Frank Sparaco has provided information that includes his express and detailed admissions that he and Scarpa were given free rein by the Government to commit murders during the Colombo War and, in fact, committed 12 murders on the agenda Devecchio had in favor of Mr. Orena's rival. Responsibility for the 12 murders, of course, was attributed by Judge Weinstein to Mr. Orena at sentencing. Sparaco also told the Government that Mr. Orena had nothing to do with the murder for which he was convicted (exclupatory information withheld at all times from Mr. Orena) [*See* Orena Initial Brief at 28-38].

The Government on this appeal continues to attempt to exploit the outrageous misconduct that led to the Draconian sentence in this case by asking this Court to allow it to avoid a *de novo* re-sentencing in this case, knowing that the sentencing order entered over 30 years ago was the product of its misconduct, withholding of material exculpatory evidence and was entered before the extraordinary true facts (changed circumstances) came to light. This must not be permitted.

11

**On Remand the Case Should be Assigned to a Different District Judge.**

The Government asserts that "Judge Komitee had weighed all of the relevant sentencing factors in connection with Orena's 2021 compassionate release application, in which the sole contested question was the balance of the relevant sentencing factors" and is therefore sufficiently familiar with the case to advisedly exercise his purported discretion to decline re-sentencing [GB at 37].

The very premise of the assertion is patently untrue. Not only is it untrue that Judge Komitee "weighed all relevant sentencing factors" in connection with the compassionate release motion, he expressly held that the vast majority of the factors Mr. Orena has identified as "changed circumstances" under *Kaziu* and that are directly relevant to analysis for sentencing under § 3553 could not properly be considered by a court in the context of a compassionate release motion and he expressly declined to consider them [GA6, n.4].

Moreover, to the extent he considered personal factors like health and age, he did so exclusively on the backdrop of Judge Weinstein's more than 30 year old sentencing order and its findings, reflecting no independent familiarity at all with the case or the offender as *Kaziu* requires.

Indeed, rather than Judge Komitee's earlier handling of the compassionate release case and his approach and conclusions there making him somehow similarly situated to the original judge for these purposes, it should be considered a

12

disqualifying factor on remand. Judge Komitee's "unyielding putative concept"[9] of how to weigh changed circumstances in a case in which a murder was alleged, no matter what other factors exist - no matter the passage of time or the extraordinary change in personal circumstances of in the integrity of the case and the rationale for the original sentence, ought to require the remand of this case to a different judge for *de novo* re-sentencing.

## CONCLUSION

For the reasons set out in Mr. Orena's initial Brief and herein, the lower court's refusal to provide a *de novo* resentencing proceeding must be reversed and the case must be remanded for a full *de novo* resentencing before a different judge. To fail to reverse the lower court's decision would make a mockery of this Court's well-reasoned decision in *Kaziu*. Its principles apply with even greater force in the instant case.

Dated:  October 28, 2024        /s/ David I. Schoen
                                David I. Schoen, Esq.
                                DAVID I. SCHOEN, ATTORNEY AT LAW
                                2800 Zelda Road
                                Suite 100-6
                                Montgomery, AL  36106
                                (334) 395-6611

                                *Counsel for Appellant Victor J. Orena*

---

[9] *See* Judge Frederic Block, *A Second Chance - A Federal Judge Decides Who Deserves It*, (The New Press 2024) at Page 147 (referring to Judge Komitee's handling of the instant case in the context of Mr. Orena's compassionate release motion and contrasting it with his own (Judge Block's) approach in granting the compassionate release motion of one of Mr. Orena's co-defendants, who held a leadership position in the Colombo family and committed more than one murder).

13

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

1. This brief complies with the type-volume limitation because:

    this brief contains <u>3,193</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>.

Dated:  October 28, 2024     /s/ David I. Schoen
David I. Schoen, Esq.
DAVID I. SCHOEN, ATTORNEY AT LAW
2800 Zelda Road
Suite 100-6
Montgomery, AL 36106
(334) 395-6611

*Counsel for Appellant Victor J. Orena*

14

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the 28th day of October, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System.

I further certify that, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, United States Court of Appeals for the Second Circuit, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007.

Dated:   October 28, 2024        /s/ David I. Schoen
David I. Schoen, Esq.
DAVID I. SCHOEN, ATTORNEY AT LAW
2800 Zelda Road
Suite 100-6
Montgomery, AL  36106
(334) 395-6611

*Counsel for Appellant Victor J. Orena*

15